**Cheryl Louise MARCHESE, Plaintiff–Appellant,**

v.

**THE VILLAGE OF WAVERLY, NEW YORK, Raymond A. Sherman, Angle Valle, Lawrence Preston, Defendants– Appellees.**

No. 03–7101.

United States Court of Appeals, Second Circuit.

Jan. 20, 2004.

Cheryl Louise Marchese, Yemasse, SC., for Appellant, pro se.

Steven Ward Williams, Smith, Sovik, Kendrick & Sugnet, P.C., Syracuse, NY., for Appellees.

PRESENT: OAKES, CABRANES Circuit Judges and AMON District Judge.*

SUMMARY ORDER

In May 1999, Cheryl Louise Marchese filed a complaint in the District Court against the Village of Waverly, Waverly Police Chief Lawrence Preston, and Waverly Police Officers Raymond Sherman and Angel Valle (collectively "defendants"), alleging excessive force, false arrest, malicious prosecution, and failure to train or supervise pursuant to 42 U.S.C. § 1983, and various violations under State law. The claims arose from an incident in July 1997 involving plaintiff, her dog, and Officers Sherman and Valle that led to plaintiff's arrest, to which plaintiff ultimately pleaded guilty. In January 2000, plaintiff filed a second action against defendants based on the same incident, alleging violation of her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and alleging that her disabilities are epilepsy, "neurosis disorder," and "gender dysphoria." By court order the actions were consolidated.

Defendants moved for summary judgment, and plaintiff moved for the appoint-

---

* The Honorable Carol B. Amon of the United States District Court for the Eastern District of New York, sitting by designation.

ment of counsel on the basis of her alleged disabilities. On May 10, 2002, the District Court granted partial summary judgment to defendants, dismissing plaintiff's claim under the ADA, her § 1983 claims of false arrest and malicious prosecution, and her State-law claims. Finding triable issues of fact as to plaintiff's § 1983 claims of excessive force and supervisory and municipal liability, the Court denied defendants' motion as to those claims and appointed plaintiff's trial counsel. The parties proceeded to a bifurcated trial, with the jury to first consider only the excessive force claim.

At the start of trial, the District Court granted defendants' motions *in limine* to preclude plaintiff from introducing certain evidence, including: (1) audiotapes, allegedly stored by plaintiff in a safe deposit box, because they had not been produced to defendants during discovery or to the Court at trial, and (2) proposed testimony of two medical professionals regarding plaintiff's "gender dysphoria," because plaintiff had failed to comply with pre-trial disclosure requirements and because the proposed testimony had no relevance to her claim at trial.

The jury found in favor of defendants on plaintiff's excessive force claim and, as a consequence, did not need to reach plaintiff's claims of municipal and supervisory liability. Without filing a motion for new trial, plaintiff timely appealed.

On appeal, plaintiff, now acting *pro se*, challenges the District Court's grant of partial summary judgment to defendants, at least as to summary judgment on plaintiff's § 1983 claim of false arrest. She also contends that the District Court erred in excluding evidence. Finally, she appears to seek a new trial. Defendants argue that the District Court properly granted partial summary judgment to them; that the District Court did not abuse its discretion by precluding evidence at trial; and that plaintiff is not entitled to a new trial.

We review the District Court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party, *see, e.g., Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir.1999), and we review the District Court's evidentiary rulings, including the exclusion of expert testimony, for abuse of discretion, *see, e.g., Reilly v. Natwest Mkts. Group Inc.*, 181 F.3d 253, 266 (2d Cir.1999); *Campbell v. Metro. Prop. & Cas. Ins. Co.*, 239 F.3d 179, 185 (2d Cir. 2001).

Having considered the material submitted by the parties and heard oral argument, we conclude that the District Court properly granted partial summary judgment in favor of defendants and that the District Court did not abuse its discretion in excluding evidence. Plaintiff therefore is not entitled to a new trial. Accordingly, the judgment of the District Court is hereby AFFIRMED.